UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL B.,

               Plaintiff,

   v.

ACTING COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

CASE NO. 2:20-cv-01645-RSM

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). This matter is fully briefed. *See* Dkts. 14, 15, 16.

Plaintiff's treating physician provided specific functional assessments regarding plaintiff's abilities and limitations that were rejected by the ALJ largely with general and unspecified findings. The ALJ's few specified citations to the record, such as direction to plaintiff's MRI, instead of demonstrating error with the opinion of plaintiff's treating physician, appear to provide objective evidence in support of the opinions of functional limitations from

1   plaintiff's treating physician. Because the ALJ failed to provide specific and legitimate reasons

2   supported by substantial evidence in the record for the failure to credit fully opinions from

3   plaintiff's treating physician, and because this failure is not harmless error, this matter must be

4   reversed and remanded for further Administrative consideration.

5                          FACTUAL AND PROCEDURAL HISTORY

6          On March 18, 2016, plaintiff filed an application for SSI, alleging disability as of

7   November 15, 2007, later amended to the filing date. *See* Dkt. 10, Administrative Record

8   ("AR"), p. 142. The application was denied on initial administrative review and on

9   reconsideration. *See* AR 142. A hearing was held before Administrative Law Judge Keith J.

10  Allred ("ALJ Allred"), who determined plaintiff to be not disabled in a decision later vacated by

11  the Appeals Council on June 6, 2019. *See* AR 167-69, 224.

12         A hearing was held before Administrative Law Judge C. Howard Prinsloo ("the ALJ") on

13  May 5, 2020. *See* AR 79-112. On June 3, 2020, the ALJ issued a written decision finding

14  plaintiff not disabled. *See* AR 12-37. Plaintiff's request for review of the ALJ's decision was

15  denied by the Appeals Council, making the ALJ's June 3, 2020 decision the final decision of the

16  Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, §

17  416.1481.

18         In plaintiff's Opening Brief, plaintiff maintains the ALJ erred: (1) when evaluating the

19  medical evidence; and, (2) when evaluating plaintiff's subjective claims. "Open," Dkt. 14, p. 2.

20  Defendant contends the ALJ's June 3, 2020 decision is supported by substantial evidence and

21  free of legal error. "Response," Dkt. 15, p. 1.

22

23

24

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

DISCUSSION

**I.      Whether the ALJ erred when evaluating the medical evidence.**

Plaintiff contends that the ALJ erred when evaluating the medical evidence, such as the medical opinion evidence provided by Drs. Feltner, Yun and Cunningham (as well as the other medical evidence provided by ARNP Simmons and LMHC Chace). Open, Dkt. 14, pp. 3-13. Defendant contends the ALJ did not err when evaluating the medical evidence. Response, Dkt. 15, pp. 2-10.

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater

opportunity to know and observe the patient as an individual, their opinions are given greater

weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.

1996) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*,

812 F.2d 1226, 1230 (9th Cir. 1987)). On the other hand, an ALJ need not accept the opinion of a

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical

findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*,

359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.

2001)).

   Dr. Roland Feltner, M.D., was plaintiff's primary care physician during the entire alleged

period of disability. *See* Open, 3 (citing AR 461-72, 521-46, 561-75, 691-787). Dr. Feltner

indicated that he saw plaintiff every 4 to 6 months and that plaintiff's primary symptom was

back discomfort with activity. *See* AR 521. He diagnosed osteoarthritis of the lumbar spine and

mild lumbar spinal stenosis, demonstrated by the November 7, 2017 MRI showing moderate

degenerative changes. *See id*. His plan for plaintiff included rest, medication, physical therapy

and daily exercises. *See* AR 522.

   On November 17, 2017, as noted by the ALJ in the ALJ's written decision, Dr. Feltner

provided an opinion regarding plaintiff's functional abilities and limitations. *See* AR 521-26.

Included in the specific residual functional capacity assessment is Dr. Feltner's opinion that

plaintiff's impairment prevents him from standing for 6 to 8 hours, specifically, plaintiff was

limited to standing "4-5 h[ou]rs at a stretch" due to the development of lumbar discomfort after

prolonged standing. *See* AR 522-23. Dr. Feltner further opined that plaintiff could walk for 2

blocks without stopping, as well as specified listing, carrying, and reaching limitations. *See* AR

523. Regarding plaintiff's reports of pain and his rating of plaintiff's credibility, Dr. Feltner

1   opined that plaintiff "is honest and credible," regarding his lumbar spine disease, which Dr.

2   Feltner indicated was "documented by MRI." *See* AR 525.

3          The ALJ discussed the November 2017 opinion from treating physician Dr. Feltner. *See*

4   AR 24-25. The ALJ gave no weight to edits/additions to this opinion apparently from plaintiff,

5   which plaintiff does not challenge. *See* AR 24; *see also* Open, 4.

6          Regarding the remainder of this November 2017 opinion from treating physician Dr.

7   Feltner, the ALJ gave it only "some weight because it is not entirely supported by his treatment

8   notes and narrative explanation, which show mild to moderate degeneration and non-surgical

9   conditions (internal citation to Exhibit 13F13, *i.e.,* AR 533)." AR 24-25. Plaintiff challenges this

10  rejection of some unspecified portion of Dr. Feltner's November 2017 opinion. *See* Open, 4.

11         Specifically, plaintiff argues that the ALJ did not provide any explanation or clarification

12  regarding the general provision of "some" weight, noting that the "ALJ fails to explain to which

13  portions of the opinion he accords any weight, and how much weight that he accords those

14  portions." *See id*. (citing AR 24-25). Plaintiff argues the ALJ "cites only to Dr. Feltner's one-

15  sentence statement that the bulging discs and moderate arthritic changes shown in the MRI

16  would be non—surgical conditions at this point." *Id*. (citing AR 533 (Exhibit 13F13)). Indeed,

17  the treatment note cited by the ALJ indicates although the MRI demonstrated "*moderate* bulging

18  discs and *moderate* arthritic changes," as of November, 2017, "these are non-surgical conditions

19  at this point." *See* AR 533 (emphases added). This narrative explanation in the treatment note,

20  instead of supporting the ALJ's rejection of Dr. Feltner's opinion, instead appears to entail

21  objective clinical evidence in support of Dr. Feltner's opinion in the MRI-documented "moderate

22  bulging discs and moderate arthritic changes." *See id*.  The ALJ does not explain how the non-

23  surgical nature of the condition negates the treating physician's opinion. The ALJ does not cite

24

1    any other treatment note in this section to support the ALJ's findings in the written decision

2    regarding Dr. Feltner's opinion.

3          Plaintiff's argument is persuasive. Although defendant argues that an ALJ may reject a

4    medical opinion that is inadequately supported by clinical findings, *see* Response, 3 (citing

5    *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)), neither defendant, nor the ALJ, explains

6    why the opinion from plaintiff's treating physician is inadequately supported by clinical findings

7    where the ALJ cites an MRI demonstrating clinical findings supportive of the opinion, in the

8    "moderate bulging discs and moderate arthritic changes." *See* AR 533; *see also* AR 24-25 (citing

9    Exhibit 13F13, *i.e.*, AR 533). Plaintiff's treating physician opined these limitations were

10   supported by the treatment record and the MRI: the ALJ's finding to the contrary is not based on

11   substantial evidence.

12         The ALJ also found the November 2017 opinion from Dr. Feltner to be "inconsistent

13   with physical examinations and imaging findings." AR 25. However, the ALJ failed to explain

14   which specific physical examination findings or imaging findings are inconsistent with Dr.

15   Feltner's opinion. *See id*. Without this explanation, the ALJ has presented general, not specific,

16   findings. *See id*. In addition, with only the citation to the record already discussed, *see supra*, the

17   ALJ's finding is not based on substantial evidence.

18         A treating doctor's contradicted medical opinions can be rejected "for specific and

19   legitimate reasons that are supported by substantial evidence in the record." *Lester*, *supra,* 81

20   F.3d at 830-31 (citing *Andrews*, *supra,* 53 F.3d at 1043); *Murray*, *supra,* 722 F.2d at 502). Based

21   on the reasons stated and the record as a whole, the Court concludes that the ALJ's finding that

22   the November 2017 opinion from plaintiff's treating physician Dr. Feltner "is not entirely

23   supported by his treatment notes and narrative explanation  …. [and] is also inconsistent with

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

physical examinations and imaging findings," is not specific and legitimate rationale supported

by substantial evidence in the record. *See id; see also* AR 24-25 (citing AR 533).

The Ninth Circuit has "long recognized that harmless error principles apply in the Social

Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v.*

*Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is

"'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at

1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

Here, the ALJ rejected the November 2017 opinion from plaintiff's treating physician Dr.

Feltner, which included the opinion that plaintiff's impairment prevents him from standing for 6

to 8 hours, specifically noting that plaintiff was limited to standing "4-5 h[ou]rs at a stretch" due

to the development of lumbar discomfort after prolonged standing. *See* AR 522-23. This and

other limitations opined from Dr. Feltner were not included in the ALJ's residual functional

capacity finding for plaintiff in the ALJ's written decision, nor in the hypothetical presented to

the vocational expert, upon whose testimony the ALJ relied at step 5, when the ALJ carries the

burden for the Administration to demonstrate the existence of significant jobs that can be

performed by plaintiff. *See* AR 20, 30-31, 107-08. Had Dr. Feltner's opinions been included in

the hypothetical presented to the vocational expert, different or perhaps no jobs would have been

identified as jobs that plaintiff could have performed. Therefore, the error is not harmless, as it is

not inconsequential to the ultimate disability determination. *See Molina*, *supra,* 674 F.3d at 1117

(quoting *Carmickle*, *supra,* 533 F.3d at 1162).

Likewise, the ALJ largely rejects a subsequent March 2020 opinion from Dr. Feltner with

similar general findings, including insufficient support from narrative explanation and treatment

records, as well as a finding that "this opinion is inconsistent with a longitudinal evidence,

including mild to moderate imaging and relatively normal physical examinations." AR 25. Based on the record, the Court concludes that this rationale does not entail specific and legitimate rationale based on substantial evidence in the record. *See Lester*, *supra,* 81 F.3d at 830-31 (citing *Andrews*, *supra,* 53 F.3d at 1043); *Murray*, *supra,* 722 F.2d at 502). Instead, the ALJ's written decision includes general findings lacking in substantial evidence.

Finally, regarding the opinion from plaintiff's treating physician, Dr. Feltner, the ALJ finds "his determination that [plaintiff] would miss more than 4 days of work per month is not supported by the record, including [plaintiff's] ability to arrive on time to his therapy and other appointments." AR 25. First, the Court concludes the only specificity in the ALJ's rationale regarding the opinion of missing 4 days of work per month is plaintiff's ability to arrive on time to appointments. *See id*. In addition, the Court finds persuasive plaintiff's argument that "ALJ fails to connect how arriving at one's medical appointments, noted by Dr. Feltner to occur with him once every 4 to 6 months, illustrates an ability to arrive at work every day, 5 days a week, 50 weeks a year, without more than 2 absences per month, nor did the ALJ articulate which portions of the record contradict this limitation." Open, 5 (citing AR 25). Indeed, the Court concludes that substantial evidence does not support the ALJ's implication that plaintiff's ability to arrive on time for a medical appointment approximately once every 4 to 6 months demonstrates an inconsistency with the treating physician's opinion that plaintiff would miss 4 days of work per month due to his lumbar impairment.

The vocational expert testified that if a worker experiences more than 2 absences per month, "they are not going to retain work." AR 109. Therefore, the ALJ's error regarding the evaluation of this opinion, also, is not harmless error. *See Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle*, *supra,* 533 F.3d at 1162).

Although plaintiff also complains about the ALJ's evaluation of much of the remainder of the medical evidence, the Court concludes that all the medical evidence should be evaluated anew following remand of this matter. Therefore, the remaining contentions will not be discussed herein explicitly. *See* Open, 6-13.

## II.       Whether the ALJ erred when evaluating plaintiff's subjective claims.

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims, *see* Open, 13-18; however, the Court already has concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Section I. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

## III.      Whether this Court should reverse with a direction to award benefits or for further administrative proceedings

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

1    Plaintiff offers little argument on this issue in her request for the rare direction from the

2    Court to award benefits. *See* Open, 19 ("For the reasons discussed above, Plaintiff requests that

3    the Court enter a finding of disability, reverse the ALJ's decision and remand the case for an

4    award of benefits"); *see also* Reply, 1-2.

5    Based on a review of the record, the Court concludes that the record is not free from

6    important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter

7    should be reversed for further Administrative proceedings, including a *de novo* hearing, not with

8    a direction to award benefits. *See id.*

9    <u>CONCLUSION</u>

10    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

11    plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this

12    matter is remanded for further Administrative proceedings in accordance with the findings

13    contained herein.

14

15    DATED this 13th day of September, 2021.

16

17

18    RICARDO S. MARTINEZ

19    CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10